# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:17-CR-41-KS-MTP**

**JUAN PABLO ZAMORA GOMEZ**

### ORDER

On June 6, 2018, Defendant Juan Pablo Zamora Gomez pleaded guilty to conspiracy to possess 100 grams or more of heroin with intent to distribute, in violation of 21 U.S.C. § 846. On January 29, 2019, the Court sentenced Defendant to 235 months of imprisonment followed by 8 years of supervised release. He is due to be released in August 2034. On November 30, 2020, Defendant filed a Motion for Compassionate Release [114] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. The Court denied the motion on April 19, 2021. On November 15, 2021, Defendant filed a second Motion for Compassionate Release [150] pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his sentence should be reduced from 235 months to 120 months.

Section 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the

defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL §

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

2

1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

First, Defendant presented several arguments that the Court erred in sentencing. He argues that the Court erred by relying on statements by a cooperating witness that had no indicia of reliability or evidence supporting their probable accuracy. Defendant also argues that his sentence creates an unwarranted sentencing disparity in that it was four times greater than the sentences imposed on his co-conspirators. Finally, Defendant argues that the Court erred in its consideration of his criminal history because Nevada law has changed since he was convicted there, and possession of marijuana would no longer be illegal under the applicable state law.

Defendant has not cited any authority providing that this Court can grant a § 3582(c)(1)(A) motion on the basis of alleged errors in sentencing. *See United States v. Gracin*, 2021 WL 5985054, at *1 (5th Cir. Dec. 16, 2021); *cf. United States v. Frank*,

---

[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

738 F. App'x 330, 330 (5th Cir. 2018). Indeed, "Section 3582(c) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). Rather, Defendant "must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255." *Id.*[3]

Regardless, in his Plea Agreement [69], Defendant waived "the right to contest the . . . sentence or the manner in which sentence was imposed in any post-conviction proceeding . . . ." Plea Agreement [69], at 5. Such waivers are enforceable as applied to motions for compassionate release under 18 U.S.C. § 3582(c)(1). *See United States v. Thomas*, 852 F. App'x 222, 222 (7th Cir. 2021); *United States v. Bryant*, 663 F. App'x 420, 422-23 (6th Cir. 2016).

Defendant also argues that the Court's sentence was too severe because restrictions imposed on prisoners in response to the COVID-19 pandemic have made his incarceration more difficult than typical conditions of confinement. He cites increased isolation from the outside world and more lock downs within the prison to contain the spread of COVID-19. The Court rejects this argument. The BOP's measures to mitigate the spread of COVID-19 within the prison system are a reasonable response to the threat posed by the virus, and they do not constitute additional punishment. *See, e.g. Valentine v. Collier*, 993 F.3d 270, 283 (5th Cir. 2021) (covid mitigation policies were reasonable because they accorded with CDC guidelines); *Gonzalez Morales v. Gillis*, 2020 WL 6879277, at *3 (S.D. Miss. Nov. 23,

---

[3] Defendant has, in fact, filed a Motion to Vacate [104] his sentence pursuant to 28 U.S.C. § 2255, and the Court denied it [144].

4

2020).

Moreover, the Court finds that the conditions of confinement at Defendant's facility, while altered to mitigate the spread of COVID-19, do not create an extraordinary and compelling reason to reduce his sentence. *See, e.g. United States v. Coke*, 2021 WL 3423223, at *2 (S.D.N.Y. Aug. 5, 2021). The Court finds that the nature and circumstances of Defendant's offense and his criminal history, as discussed at sentencing and in the Court's previous orders, support this conclusion. *See* 18 U.S.C. § 3553(a)(1). Also, for the same reasons previously provided at sentencing and in prior written orders, the Court finds that a reduction in Defendant's sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2).

Finally, to the extent Defendant re-urges his previous arguments that the risk presented by COVID-19 merits compassionate release or a reduction in sentence, the Court rejects those arguments for the same reasons provided in its previous order. The COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021); *United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v.*

*Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020). Moreover, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence," *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), and a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435.

For these reasons and those provided at Defendant's sentencing and in the Court's prior orders, the Court **denies** Defendant's Motion for Compassionate Release [150]. Additionally, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)). The Court also incorporates its previous Order [134] denying Defendant's first Motion for Compassionate Release [114].

SO ORDERED AND ADJUDGED this 18th day of January, 2022.

/s/ Keith Starrett
KEITH STARRETT

UNITED STATES DISTRICT JUDGE