IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL CAUSE NO. 2:17-cr-41-KS-MTP**

**JUAN PABLO ZAMORA GOMEZ**

### MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendant's *pro se* Motion to Reconsider 1/30/24 Order Pursuant to Fed. R. Civ. P. 59(e) [171] and Defendant's *pro se* Motion to Reduce Sentence Under 18 U.S.C. Section 3582(c)(1)(A)(i) [166]. The Government has not filed a response to either motion.

In the Motion to Reconsider, Defendant points out that his original motion [166] was not a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2), but rather 18 U.S.C. § 3582(c)(1)(A)(i) as it stated in the title. Given that the motion was denied under 18 U.S.C. § 3582(c)(2), Defendant asks the Court to reconsider its ruling and consider his Motion for Sentence Reduction [166] under the proper standard. The Court grants said request to reconsider and will now review Defendant's motion in accordance with the applicable standard and legal authority for motions filed under 18 U.S.C. § 3582(c)(1)(A)(i).

### I.   BACKGROUND

On June 6, 2018, pursuant to a plea agreement with the Government [69], Defendant plead guilty to conspiracy to possess 100 grams or more of heroin with intent to distribute. *See* Minute Entry dated 6/6/18. For such an offense, the statutory minimum sentence is 5 years and the statutory maximum is 40 years. *See* 18 U.S.C. 841(b)(1)(B). According to the Presentence Investigation Report ("PSR"), Defendant's total offense level was 36, and while Defendant was originally classified as a career offender and his criminal history was Category VI, at the

sentencing hearing it was conceded that Defendant's criminal history would be Category III. [138-2] at pp. 57-58. This resulted in a guideline range for imprisonment of 235 to 293 months. *Id*. at p. 73. On January 29, 2019, the Court sentenced Defendant to 235 months of imprisonment followed by 8 years of supervised release. *See* Final Judgment [96]. Defendant is scheduled for release on October 28, 2034. *See* https://www.bop.gov/inmateloc/?os=vb.&ref=app (last accessed 2/4/25).

On November 30, 2020, Defendant filed his first Motion for Compassionate Release [114] because of the COVID-19 pandemic, which this Court denied by Order [134] dated April 19, 2021. On November 15, 2021, Defendant filed a second motion pursuant to 18 U.S.C. § 3582(c)(1)(A) [150], arguing that his sentence should be reduced from 235 months to 120 months for various reasons. This Court denied the motion by Order [159] dated January 18, 2022. Defendant now seeks a sentence reduction once again on bases not previously raised.

## II.    DISCUSSION

### A.    Defendant's claims

Defendant asks the Court to reduce his sentence from 235 months to 151-188 months primarily based on the amendments to the Sentencing Commission's policy statement in Section 1B1.13 that provides some new definitions of extraordinary and compelling reasons that may warrant a sentence reduction. Defendant also argues that a reduction is warranted because he has disassociated from his gang affiliation and has made considerable rehabilitation efforts. Finally, Defendant urges that the Section 3553(a) sentencing factors weigh in favor of reducing his sentence.

### B.    Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this

case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted* all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are appliable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

In *United States v. Franco*, the Fifth Circuit examined Section 3582(c) in the wake of the changes implemented to the statute by the First Step Act of 2018.[1] 973 F.3d 465 (5th Cir. 2020). In particular, the Court found that the text of the Act "outlines two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *Franco*, 973 F.3d at 467 (quoting § 3582(c)(1)(A)). The court concluded that while "the requirement is *not* jurisdictional, it *is* mandatory." *Id.* (emphasis in original). In short, "Congress used clear language: *all* requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *Id.* at 468 (emphasis added).

---

[1] Among other things, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to authorize courts to grant a motion for sentence reduction upon a defendant's own motion, rather than only upon motion of the Director of the Bureau of Prisons. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

If exhaustion is satisfied, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction ...." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

Finally, the analysis of extraordinary and compelling reasons is informed by the policy statement issued by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Section 1B1.13 was recently amended with an effective date of November 1, 2023 and now contains a non-exclusive list of six extraordinary and compelling reasons within the policy text itself, offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814).[2]

C.  **Analysis**

 1.  **Exhaustion of Administrative Remedies**

In the current motion, Defendant fails to establish that he has exhausted his

---

[2] Amendment 814 revised Section § 1B1.13, which, among other things, now made clear that the policy statement applies to both defendant-filed and BOP-filed motions for sentence reductions.

administrative remedies by presenting a request to the Warden at his facility that the BOP file a motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). As noted above, this is Defendant's third motion for compassionate release. He is clearly aware of this requirement because in his first motion filed on November 30, 2020, Defendant made such a showing. *See* [114-4] – [114-6]. In his second motion filed on November 15, 2021, he cited his initial request to the Warden made in October 2020. [150] at p. 1. Even though Defendant stated that he was raising two new arguments not made in his initial request, for whatever reason, this Court did not address the failure to raise such grounds with the BOP first and simply ruled on the motion. *See* [159].

Defendant now raises additional grounds not raised in the other two motions. In doing so, Defendant may not rely on the request made to the Warden in October 2020. Rather a new request, raising the current arguments, must be made so that the BOP can determine the validity of the request. *See United States v. Reeves*, No. 120CR111HSOJCG1, 2023 WL 8360066, at *3 (S.D. Miss. Dec. 1, 2023) (denying second motion for compassionate release, raising new grounds, due to failure to show request was made to the BOP).

Simply put, Defendant has not shown that he ever requested the BOP bring this motion on his behalf, which is the first step to exhaustion. *See Franco*, 973 F.3d at 567. Because Defendant has not represented, let alone proven, that he exhausted his administrative remedies, which is a mandatory procedural requirement prior to seeking compassionate release in this Court, his Motion will be denied without prejudice. *See id.*; 18 U.S.C. § 3582(c)(1)(A).

### 2. Merits of the Claims

Even if Defendant had properly exhausted, the Court finds that the Motion is nevertheless not well taken and should be denied on the merits. Defendant has the burden of demonstrating that he meets the requirements for a sentence reduction. *See United States v. Whirl*, No. 5:18-cr-17-DCB-LRA, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020). To the extent

Defendant's present claims can be reviewed as a proper § 3582(c) request, he has not shown an extraordinary and compelling reason warranting a sentence reduction.

### a. Non-retroactive changes in the law

Defendant argues that the court's decision in *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022)[3] represents a non-retroactive change in the law that is now listed as an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(1)-(6). [166] at p. 2. Unfortunately, Defendant misapprehends both the amendment to the policy statement and the import and relevance of *Robinson*.

Although he does not recite the specific provision to which he is referring, the only mention of a "change in the law" in the policy statement at subsections (b)(1)-(6) can be found in the newly promulgated U.S.S.G. § 1B1.13(b)(6)). This provision provides specifically:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6)). Defendant is clearly not eligible under this newly defined circumstance because he went into federal custody to begin serving his sentence on January 29, 2019. [96] at p. 2. As such, he has not yet served at least 10 years of his term of imprisonment.

Even so, the ruling in *Robinson* is neither a "change in the law" nor is it applicable to Defendant's case. As this Court has previously stated, "*Robinson* is another case from this district addressing a motion to deviate from the Guidelines calculation of an offense level based on drug quantity, and it is not binding on this Court." *United States v. Bradley*, No. 1:17CR9-HSO-RHW, 2023 WL 2254558, at *3 (S.D. Miss. Feb. 27, 2023) (internal citations

omitted). This is because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

*Robinson* is also not applicable to Defendant's case. In *Robinson*, at sentencing, the court granted the defendant's motion for a deviation from the Sentencing Guidelines. 2022 WL 17904534 at *3. Specifically, the court deviated from the higher level of culpability assigned to pure methamphetamine and treated all methamphetamine found in that case as a mixture of methamphetamine. *Id.* In this case, the purity of any methamphetamine was not at issue.

Defendant pled guilty to a violation of 21 U.S.C. § 846. [69] at p. 1. The applicable guideline for such an offense is U.S.S.G. §2D1.1, which was used in this case. The presence of methamphetamine was attributable to Defendant under the relevant conduct provisions of the guidelines and used only for combining differing controlled substances and converting the drug weights to obtain a single offense level. *See* U.S.S.G. §2D1.1, comment. (n.8). Again, the purity of any methamphetamine was never at issue here when calculating Defendant's sentence.

Based on the foregoing, Defendant has failed to articulate an extraordinary and compelling reason to warrant a sentence reduction under U.S.S.G. § 1B1.13(b)(6)). Moreover, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994) ("The authority to change a sentence must derive from some federal statutory authority."). Such is the case with 18 U.S.C. § 3582(c)(1)(A). Otherwise, a defendant cannot use motions for compassionate release "to challenge the legality or the duration of his sentence" or "to correct

---

[3] Defendant uses the Lexis citation: 2022 U.S. Dist. LEXIS 231041 (S.D. Miss.)

sentencing errors." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (quoting *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022)).

### b. Disassociation and Rehabilitation

Defendant also argues that he is entitled to a sentence reduction because he has disassociated from the Nortenos Gang[4] and has completed numerous programs "to prepare himself for a successful transition into the community. [166] at pp. 1-2. While the Court applauds Defendant's apparent efforts in this regard, the Court recalls that in his objections to the Presentencing Investigation Report, Defendant denied any involvement with the Nortenos. [91] at p. 1 (under seal).

Additionally, Defendant relies on *United States v. Rivas*, 2022 U.S. Dist. LEXIS 50127 for the proposition that that court granted a 177-month sentence reduction primarily based on Rivas' disassociation from the Texas Mexican Mafia, a non-retroactive change in the law, and rehabilitation. Upon review of that case, it appears much more was involved in the court's determination. After noting that Rivas had served 19 years of his sentence, the court stated:

> Here, Defendant points to the amendments to § 924(c) to support his request for a sentence reduction, but he does more than simply rely on this statutory change. Defendant also points to his youth at the time of sentencing, the length of sentence, and his rehabilitative efforts while in custody. In addition, Defendant seeks a sentence reduction to take care of his aging parents, both of whom suffer from serious medical conditions. Defendant argues that these factors present extraordinary and compelling reasons to warrant a sentence reduction.

*Id*. at *2, 4.

While disassociation from a gang was a factor in considering the defendant's rehabilitation efforts, disassociation alone was not a key factor in the court's decision. *See id*. at *7. As the policy statement states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the

---

[4] Defendant claims that the "majority of [his] criminality arose from his membership in the Nortenos." [166] at p. 2. Also, as proof of his disassociation Defendant submitted a 2-page Admission and Orientation Handbook with a third page containing five signatures, one of which is the Warden. [166-1]. The Court is not certain that this is sufficient proof that Defendant actually completed the program, as there is no statement above the signatures to that effect.

8

defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); *United States v. Handlon*, No. 23-50386, 2024 WL 111787, at *1 (5th Cir. Jan. 10, 2024) (noting that "rehabilitation efforts alone are not an extraordinary and compelling reason"). Rehabilitation "may be considered in combination with other circumstances." *Id*. Here, Defendant has presented no other valid circumstances that warrant a reduction in his term of imprisonment.

### c. Section 3553(a) sentencing factors

Finally, Even if a court finds there are extraordinary and compelling reasons for a sentence reduction, Section 3582(c)(1)(A) mandates that the Court may reduce the term of imprisonment only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). It is important to note that a court may still deny the motion where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (explaining that a "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction.").

Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Here, even if Defendant had shown an extraordinary and compelling reason under the policy statement, the Section 3553(a) factors strongly counsel against a reduction in Defendant's sentence. Drawing from this Court's earlier findings in a prior Order [134], which is incorporated herein by reference, the Court still finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). Defendant was involved with a large-scale drug operation, sending packages of drugs through the USPS and FedEx and meeting buyers in person in multiple states. There were large quantities of various drugs at issue in this case, and a reduction in sentence would not accurately reflect the damage that Defendant's drug distribution activities have caused to communities across multiple states, nor would it deter similar criminal conduct in the future. The Court also finds that a reduction in sentence would not sufficiently protect the public from further criminal conduct by Defendant. Therefore, these sentencing factors militate against a sentence reduction.

### III. CONCLUSION

For the reasons set forth herein, the Court finds that Defendant has failed to exhaust his administrative remedies. Notwithstanding, the Court further finds that Defendant has failed to carry his burden of showing that he meets the requirements for a sentence reduction.

THEREFORE, it is hereby ORDERED that Defendant's Motion to Reconsider 1/30/24 Order Pursuant to Fed. R. Civ. P. 59(e) [171] is GRANTED, and Defendant's Motion to Reduce Sentence Under 18 U.S.C. Section 3582(c)(1)(A)(i) [166] is DENIED.

SO ORDERED AND ADJUDGED this 6th day of February 2025.

/s/ Keith Starrett
KEITH STARRETT
SENIOR UNITED STATES DISTRICT JUDGE